# EXHIBIT B

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $4,805.62 plus a service award of $5,000.00, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failiure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my $4,805.62 settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. My $5,000.00 service award shall not be subject to payroll withholdings and will be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**TANYA HARDEN**

Date: 4-20-2011

By: _Tanya Harden_

Printed Name: _Tanya Harden_

**WIS HOLDINGS CORPORATION**

Date: 4/21/11

By: _Tim_

Printed Name: _Tom Campdgiannis_

Title: _CFO_

**WASHINTON INVENTORY SERVICES**

Date: 4/21/11

By: _Tim_

Printed Name: _Tom Campdgiannis_

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $4,975.79 plus a service award of $1,000.00, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my $4,975.79 settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. My $1,000.00 service award shall not be subject to payroll withholdings and will be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**KENNETH WEBB**

Date: 4/18/2011

By: _____

Printed Name: Kenneth Webb

**WIS HOLDINGS CORPORATION**

Date: 4/21/11

By: _____

Printed Name: Tom Compogiannis

Title: CFO

**WASHINTON INVENTORY SERVICES**

Date: 4/21/11

By: _____

Printed Name: Tom Compogiannis

Title: CFO

2

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $6,131.00 plus a service award of $1,000.00, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my $6,131.00 settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. My $1,000.00 service award shall not be subject to payroll withholdings and will be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

BRIAN CHANDLER

Date: 04-19-11        By: _Brian F. Chandler_

                      Printed Name: _Brian F. Chandler_


Date: 4/21/11         WIS HOLDINGS CORPORATION

                      By: _Tom_

                      Printed Name: _Tom Compogiannis_

                      Title: _CFO_


Date: 4/21/11         WASHINTON INVENTORY SERVICES

                      By: _Tom_

                      Printed Name: _Tom Compogiannis_

                      Title: _CFO_

2

## RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $6,560.36 plus a service award of $1,000, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failiure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my $6,560.36 settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. My $1,000.00 service award shall not be subject to payroll withholdings and will be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**BRANDI ALLEN**

Date: 4/19/11     By: Brandi Allen
                  Printed Name: Brandi Allen

**WIS HOLDINGS CORPORATION**

Date: 4/21/11     By: Tom
                  Printed Name: Tom Compogiannis
                  Title: CFO

**WASHINTON INVENTORY SERVICES**

Date: 4/21/11     By: Tom
                  Printed Name: Tom Compogiannis
                  Title: CFO

2

## RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $996.90 plus a service award of $1,000, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failiure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my $996.90 settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. My $1,000.00 service award shall not be subject to payroll withholdings and will be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**KRISTINA WENTE**

Date: 4/19/2011

By: _Kristin Wente_

Printed Name: _Kristina Wente_

**WIS HOLDINGS CORPORATION**

Date: 4/21/2011

By: _Tim_

Printed Name: _Tim Compogiannis_

Title: _CFO_

**WASHINTON INVENTORY SERVICES**

Date: 4/21/2011

By: _Tim_

Printed Name: _Tim Compogiannis_

Title: _CFO_

2

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $1,787.21, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs

from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**KATHY ALLISON**

Date: (April 19, 2011)

By: _Kathy Allison_

Printed Name: _Kathy Allison_

**WIS HOLDINGS CORPORATION**

Date: 4/21/11

By: _Tom_

Printed Name: _TOM CAMPOGIANNIS_

Title: _CFO_

**WASHINTON INVENTORY SERVICES**

Date: 4/21/11

By: _Tom_

Printed Name: _TOM CAMPOGIANNIS_

Title: _CFO_

2

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $4,708.66, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims").  The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims.  In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable.  Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2.  The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099.  Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully.  Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes.  I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants.  This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**JEREMY WATSON**

Date: 4/19/2011

By: _Jeremy D. Watson_

Printed Name: _Jeremy Watson_

**WIS HOLDINGS CORPORATION**

Date: 4/21/11

By: _____

Printed Name: _Tom Compagianis_

Title: _CFO_

**WASHINTON INVENTORY SERVICES**

Date: 4/21/11

By: _____

Printed Name: _Tom Compagianis_

Title: _CFO_

2

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $4,506.15, I agree to fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS (collectively, "WIS"), their owners, stockholders, predecessors, successors, assi[...] directors, officers, employees, representatives, attorneys, parent companies subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and acting by, through, under or in concert with any of them ("Released Parties"), from claims, demands and causes of action of any kind whatsoever, whether at common la[...] to statute, ordinance, or regulation, in equity or otherwise, and whether arising un[...] state or other applicable law, which I have or might have, known or unknown, [...] whatsoever, that are based upon or arise out of the alleged failure to pay for all [...] and/or alleged failure to pay overtime premium pay at the proper rate(s) and that [...] any time that I worked as an employee of the Released Parties up until and including 13, 2008 ("Released Claims"). The Released Claims include without limitation [...] claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and damages based on alleged failure to pay minimum wage, alleged failure to pay [...] worked, alleged failure to pay all overtime pay, alleged failure to pay for travel [...] failure to pay for waiting time, alleged failure to pay for time donning or doffing alleged denial of meal periods and rest breaks, alleged failure to pay wages upon [...] alleged failure to provide itemized wage statements, alleged failure to provide benefit [...] credits, alleged failure to keep records of hours worked or compensation due, and [...] any of the foregoing, including without limitation claims under the Employee Retirem[...] Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the Califo[...] Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Co[...] Revised Statutes and related regulations and wage orders, and the statutes and regu[...] states relating to the foregoing and/or any and all other wage and hour requireme[...]ts.

I acknowledge that the claims I am releasing by signing this agreement includ[...] claims. In this regard, I waive all rights and benefits that I may have under ar[...] common law principle that would limit the effect of the foregoing release to th[...] actually known or suspected to exist, including, but not limited to, the provisions of S[...] of the Civil Code of the State of California, to the extent deemed applicable. S[...] provides:

A general release does not extend to claims which the creditor does not [...] suspect to exist in his favor at the time of executing the release, which if k[...] him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged [...] subject to appropriate payroll withholdings, and reported on an IRS Form W-2. Th[...] one-half of the settlement payment shall be deemed compensation for alleged liquidate[...] and interest, shall not be subject to payroll withholdings, and shall be reported on an[...] 1099. Both the Released Parties and I shall be responsible for our respective tax[...] arising from these payments.

I understand that, by paying me a settlement amount in exchange for my exec[...] agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agree[...] settlement to avoid the expense and time of going to court to resolve any wage claim[...] understand that this agreement shall not be admissible in any court proceeding oth[...] necessary to seek approval of this settlement, enforcement of the agreement or to cla[...] of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settl[...] or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expense[...] from Defendants. This amount for fees, expenses, and costs will cover all work pe[...]

all expenses incurred to date and all work to be performed through the final conclu…
action.

I have carefully read and fully understand all items in this agreement and an…
signing it. I understand that if I have any questions, I have the right to discus; this
with an attorney of my choosing. I also understand that any issues relating to this ag…
be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties con…
subjects contained herein. There are no other prior or contemporaneous ora…
agreements or understandings concerning the subjects contained herein, and I ha…
upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULL`**
**SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KN`**
**UNKNOWN WAGE CLAIMS.**

**MARCIA JAMES**

Date: 4/19/2011

By: _Marcia C. James_

Printed Name: _Marcia James_

**WIS HOLDINGS CORPORATION**

Date: 4/21/11

By: _Tom_

Printed Name: _Tom Coupogiannis_

Title: _CFO_

**WASHINTON INVENTORY SERVICES**

Date: 4/21/11

By: _Tom_

Printed Name: _Tom Coupogiannis_

Title: _CFO_

2

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $3,882.81, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**MICHELLE SHEETS**

Date: _4-19-11_    By: _Michelle Sheets_

Printed Name: _Michelle Sheets_

**WIS HOLDINGS CORPORATION**

Date: _4/21/11_    By: _Tom_

Printed Name: _Tom Compogiannis_

Title: _CFO_

**WASHINTON INVENTORY SERVICES**

Date: _4/21/11_    By: _Tom_

Printed Name: _Tom Compogiannis_

Title: _CFO_

2

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $11,252.14, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**EFREN RUIZ**

Date: 4/19/11

By: _____

Printed Name: _Efren Ruiz_

**WIS HOLDINGS CORPORATION**

Date: 4/21/11

By: _____

Printed Name: _Tom Comprogiannis_

Title: _CFO_

**WASHINTON INVENTORY SERVICES**

Date: 4/21/11

By: _____

Printed Name: _Tom Comprogiannis_

Title: _CFO_

2

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $8,680.05, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims").  The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims.  In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable.  Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2.  The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099.  Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully.  Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes.  I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants.  This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**STEVEN CORDELLOS**

Date: _4/20/2011_     By: _Stephen Cordellos_

Printed Name: _Stephen Cordellos_

**WIS HOLDINGS CORPORATION**

Date: _4/21/11_     By: _____

Printed Name: _Tom Compogiannis_

Title: _CFO_

**WASHINTON INVENTORY SERVICES**

Date: _4/21/11_     By: _____

Printed Name: _Tom Compogiannis_

Title: _CFO_

2

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $300.00, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**CHRISTY DICKENS**

Date: 4-19-11        By: Christy A. Dickens

Printed Name: Christy A. Dickens

**WIS HOLDINGS CORPORATION**

Date: 4/21/11      By:

Printed Name: _____ DM _____ JIMPDGIAMANIS

Title: CFO

**WASHINTON INVENTORY SERVICES**

Date: 4/21/11      By:

Printed Name: _____ DM _____ COMPDGIAMANIS

Title: CFO

2

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $300.00, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

KAREN PATTERSON

Date: 4-19-11

By: _____

Printed Name: KAREN PATTERSON

WIS HOLDINGS CORPORATION

Date: 4/21/11

By: _____

Printed Name: Tom Compogiannis

Title: CFO

WASHINTON INVENTORY SERVICES

Date: 4/21/11

By: _____

Printed Name: Tom Compogiannis

Title: CFO

2

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $663.99, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**LAURA HUDSON**

Date: 4/20/11

By: _Laura Hudson_

Printed Name: LAURA Hudson

Date: 4/21/11

**WIS HOLDINGS CORPORATION**

By: _Tom_

Printed Name: Tom Compogiannis

Title: CFO

Date: 4/21/11

**WASHINTON INVENTORY SERVICES**

By: _Tom_

Printed Name: Tom Compogiannis

Title: CFO

## RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $13,111.52, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that the confidentiality of this agreement is important. I agree not to discuss the details of this agreement with any person or organization. However, I understand that I can discuss this agreement with my spouse, or immediate family members, in addition to an

accountant or other tax or financial advisor. However, if I do discuss this with a family member or someone preparing my income taxes, that person must agree to keep the information confidential as well. I also understand that I have the right to discuss this agreement and its terms with Class Counsel or my own attorney and get any advice from an attorney regarding this agreement. Furthermore, I understand that I may discuss this agreement for the following additional reasons: (a) in order to testify pursuant to a valid subpoena; (b) in order to discuss the terms of this agreement with the Internal Revenue Service or state or local taxing authorities; or (c) in order to testify in an action to enforce this agreement. I understand that WIS retains the right to seek any rights, damages, or remedies that WIS may have available pursuant to federal, state, or local law, in an amount equal to all payments made to me under this agreement, as set forth above. I further understand that should I violate this confidentiality provision of the agreement that WIS has the right to bring an action against me for breach of this provision and to recover damages.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500.00) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

NANI NEWTON

Date: 4-20-20 11

By: _Nani Newton_

Printed Name: _Nani Newton_

2

Date: _4/21/11_

**WIS HOLDINGS CORPORATION**

By: _____

Printed Name: ___ Tom Lomrobianovis ___

Title: _____ CFO _____

Date: _4/21/11_

**WASHINTON INVENTORY SERVICES**

By: _____

Printed Name: ___ Tom Lomrobianovis ___

Title: _____ CFO _____

3

## RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $300.00, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**PAULA POTTS**

Date: 4/19/11

By: _Paula L. Potts_

Printed Name: _Paula R. Potts_

**WIS HOLDINGS CORPORATION**

Date: 4/21/11

By: _Tom_

Printed Name: _Tom Compogianis_

Title: _CFO_

**WASHINTON INVENTORY SERVICES**

Date: 4/21/11

By: _Tom_

Printed Name: _Tom Compogianis_

Title: _CFO_

2

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $7,238.07, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**ELIZABETH SIEGLE**

Date: 04/21/2011

By: _____

Printed Name: Elizabeth Siegle


**WIS HOLDINGS CORPORATION**

Date: 4/21/11

By: _____

Printed Name: Tom Compogiannis

Title: CFO


**WASHINTON INVENTORY SERVICES**

Date: 4/21/11

By: _____

Printed Name: Tom Compogiannis

Title: CFO

2

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $9,400.82, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**BILLIE MICHAELS**

Date: 4/31/11

By: _Billie Michaels_

Printed Name: _BILLIE MICHAELS_

**WIS HOLDINGS CORPORATION**

Date: 4/21/11

By: _Tom_

Printed Name: _Tom Compogiannu_

Title: _CFO_

**WASHINTON INVENTORY SERVICES**

Date: 4/21/11

By: _Tom_

Printed Name: _Tom Compogiannu_

Title: _CFO_

# RELEASE AGREEMENT

In exchange for a one-time payment in the amount of $13,898.89, I agree to forever and fully release WIS Holdings Corp and Washington Inventory Service, d/b/a WIS International (collectively, "WIS"), their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Released Parties"), from any and all claims, demands and causes of action of any kind whatsoever, other than my pending workers' compensation claim, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the alleged failure to pay for all time worked and/or alleged failure to pay overtime premium pay at the proper rate(s) and that arose during any time that I worked as an employee of the Released Parties up until and including November 13, 2008 ("Released Claims"). The Released Claims include without limitation any and all claims, debts, liabilities, demands, obligations, guarantees, expenses, attorney's fees and costs, and damages based on alleged failure to pay minimum wage, alleged failure to pay for all hours worked, alleged failure to pay all overtime pay, alleged failure to pay for travel time, alleged failure to pay for waiting time, alleged failure to pay for time donning or doffing equipment, alleged denial of meal periods and rest breaks, alleged failure to pay wages upon termination, alleged failure to provide itemized wage statements, alleged failure to provide benefits or benefit credits, alleged failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., the California Labor Code, Missouri Revised Statutes and related regulations and wage orders, and the statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

I acknowledge that the claims I am releasing by signing this agreement include unknown claims. In this regard, I waive all rights and benefits that I may have under any statute or common law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of Section 1542 of the Civil Code of the State of California, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

One-half of my settlement payment shall be deemed payment of alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. The remaining one-half of the settlement payment shall be deemed compensation for alleged liquidated damages and interest, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. Both the Released Parties and I shall be responsible for our respective tax obligations arising from these payments.

I understand that, by paying me a settlement amount in exchange for my execution of this agreement, WIS is not admitting that it acted wrongfully. Rather WIS is agreeing to this settlement to avoid the expense and time of going to court to resolve any wage claim disputes. I understand that this agreement shall not be admissible in any court proceeding other than as is necessary to seek approval of this settlement, enforcement of the agreement or to claim a breach of the agreement.

I understand that Plaintiffs' Counsel shall receive 25% of the $150,000 Settlement Fund, or Thirty Seven Thousand Five Hundred Dollars ($37,500) in attorneys' fees, expenses and costs from Defendants. This amount for fees, expenses, and costs will cover all work performed and all expenses incurred to date and all work to be performed through the final conclusion of this action.

I have carefully read and fully understand all items in this agreement and am voluntarily signing it. I understand that if I have any questions, I have the right to discuss this agreement with an attorney of my choosing. I also understand that any issues relating to this agreement will be decided under the laws of the State of California which is the domicile of WIS.

This agreement constitutes the entire agreement between the parties concerning the subjects contained herein. There are no other prior or contemporaneous oral or written agreements or understandings concerning the subjects contained herein, and I have not relied upon any such other agreements or understandings in deciding to sign this agreement.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE SIGNING IT. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

**BENNY WIGGINS**

Date: 4-21-11

By: _____

Printed Name: BENNY WIGGINS

**WIS HOLDINGS CORPORATION**

Date: 4/21/11

By: _____

Printed Name: TOM COMPOGIANNIS

Title: CFO

**WASHINTON INVENTORY SERVICES**

Date: 4/21/11

By: _____

Printed Name: TOM COMPOGIANNIS

Title: CFO

2