IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TANYA HARDEN, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No.: 07-4076-CV-C-SOW ) |
| WIS HOLDINGS CORP., et al., | ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is plaintiffs' Motion to Approve Settlement (Doc. #73).

Accordingly, it is hereby

ORDERED that the settlement of this case, including the claims of the additional fourteen (14) employees of Defendants who have consented to join this action to resolve their FLSA claims as part of a global resolution of the class action claims settled in the United States District Court for the Southern District of California in the case of <u>Chavez, et al. v. WIS Holding Corp.</u>, Case No. 3:07-cv-01932-L-NLS is hereby APPROVED. The settlement is fair and reasonable, and was reached as a result of contested litigation to resolve a *bona fide* dispute between the parties.

In addition, Plaintiffs' requested service award of $5,000 to the named Plaintiff Tanya Harden for her work in initiating this case and her efforts working with Plaintiffs' counsel in prosecuting the case is GRANTED.

Similarly, the requested service awards in the amount of $1,000 each to four of the opt-in Plaintiffs who participated in discovery and sat for depositions are GRANTED.

Defendants are hereby ORDERED to pay the settlement awards to the Plaintiffs in accordance with the terms of the individual Release Agreements within 10 days from entry of this Order.

Defendants are further ORDERED to pay to attorney fees in the amount of $37,500, or 25% of the Total Settlement Amount, to Class Counsel, within 10 days from entry of this Order. It is further

ORDERED that the claims of the Plaintiffs are hereby dismissed with prejudice.

Without affecting the finality of this Order, the Court retains exclusive jurisdiction over this proceeding to consider all further matters arising out of or in connection with:

(a) the enforcement of this Order;

(b) the enforcement of the settlements as memorialized in the Release Agreements; and

(c) the distribution of the Total Settlement Amount or the payment of attorneys' fees, costs, expenses or service awards. *See* Kokkohnen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994) (providing that a district court must indicate in its dismissal order that it retains continuing jurisdiction regarding the settlement agreement; otherwise, a district court does not have continuing jurisdiction over such agreements).

   /s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

DATED: April 26, 2011